UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
March 28, 2008

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MILTON GRIGGS, ) | |
| TDCJ No. 558133, ) | |
|     Plaintiff, ) | |
| ) | 7:05-CV-220-R |
| v. ) | |
| ) | |
| DANNY HORTON, *et al.*, ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Came on this day to be considered Defendants' Motion for Summary Judgment and Plaintiff's response thereto and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. Plaintiff claims that, on August 18, 2005, in an unprovoked attack, certain Defendants used excessive force against him by striking him in the ribs, pressing his head down into the floor, jerking him up off the floor while handcuffed and spraying him with a chemical agent. *See Complaint.* Plaintiff claims to have suffered physical injuries as a result of the use of force. *Id.; Plaintiff's Answers to the Court's Questions No. 8 & 9.*

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and

sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992)).

Defendants argue, *inter alia*, that Plaintiff's injuries were *de minimis* and, as such, insufficient to raise any constitutional concerns. *Brief in Support of Defendants' Motion for Summary Judgment pp. 8-9 (hereinafter "Defendant's Brief p. ___.").* In his answers to the Court's questions, Plaintiff claims that he suffered bruised ribs, a cut and nerve damage to his wrist, shooting pains in his arms and hands, loss of feeling in his hand, constant shaking of his hands, elevated blood pressure, risk of stroke and/or heart attack and blistering of his mouth, lips, nose and skin. *Plaintiff's Answer to the Court's Question No. 9.*

Review of the summary judgment evidence reflects that, immediately after the use of force, Plaintiff was taken to the medical department where he was examined by a nurse. *See Defendant's Brief p. 8, Appendix A pp. 5 & 37.* Plaintiff complained of wrist and ankle pain, but no injury was observed and no treatment was needed. *Defendants' Appendix A pp. 37-38.* Three weeks later, Plaintiff went to the infirmary complaining of pain in his left wrist and left ribs. *Defendants' Appendix B p. 38.* An abrasion to his left wrist and tenderness to the rib cage were noted. *Id.* X-rays were ordered that day, the results of which confirmed that there were no fractures or other injuries to Plaintiff's wrist or ribs. *Id. at pp. 120-122.* The Court finds that the competent summary judgment evidence demonstrates that Plaintiff suffered at most, *de minimis* injuries resulting from the use of force. Plaintiff has failed to offer evidence demonstrating that he suffered anything more than *de minimis* injuries. *See Plaintiff's Response to Defendants' Motion for Summary Judgment.*

42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

While it is unfortunate that force was used against Plaintiff, *de minimis* injuries such as those he claims to have suffered do not constitute "physical injury" as required to raise a constitutional issue.[1]

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th

---

[1] *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore bruised ear lasting for three days did not constitute a physical injury as required to state a claim for excessive force); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex 1997) (holding that sore muscles, scratches, abrasions and bruises do not constitute a "physical injury" within the meaning of § 1997e(e)); *Morgan v. Dallas County Sheriff's Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan.11, 2005), rec. adopted, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation that plaintiff suffered "undue pain ... on a regular basis" as a result of not receiving medication held insufficient to establish physical injury); *Davis v. Bowles*, No. 3-04-CV-0877-L, 2004 WL 1205182 at *2 (N.D. Tex. Jun 1, 2004), rec. adopted, 2004 WL 1381045 (N.D. Tex. Jun. 18, 2004) (headaches and depression caused by failure to administer Prozac was *de minimis* injury); *Myers v. Valdez*, 2005 WL 3147869, *2 (N.D. Tex. 2005) (allegations of pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash and discomfort insufficient to establish "physical injury"); *Abney v. Valdez*, 2005 WL 3147863, *2 (N.D. Tex. 2005) (claims of blood pressure medication causing frequent urination, almost daily migraine headaches and itchiness and watery eyes due to food allergies found insufficient to establish "physical injury."); *Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of "physical injury").

Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment.

*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c).

The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

To the extent, if any, that Plaintiff is challenging the validity of the disciplinary action taken against him as a result of the incidents giving rise to this lawsuit, such a challenge is currently barred

under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 1588-89 (1997) (holding that a claim based on allegations that would necessarily imply the invalidity of a disciplinary hearing is not cognizable in a civil rights action unless the disciplinary action has been reversed, expunged or otherwise invalidated).

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's complaint is hereby dismissed with prejudice.

A copy of this order shall be transmitted to Plaintiff and to Counsel for Defendants.

SO ORDERED this 28th day of March, 2008.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE